People v Cleveland (2020 NY Slip Op 06668)





People v Cleveland


2020 NY Slip Op 06668


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CURRAN, TROUTMAN, AND DEJOSEPH, JJ.


1041 KA 20-00736

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DERRICK CLEVELAND, DEFENDANT-APPELLANT. 






THOMAS J. EOANNOU, BUFFALO, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered February 26, 2019. The judgment convicted defendant upon a nonjury verdict of sexual abuse in the first degree and sexual abuse in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of sexual abuse in the first degree (Penal Law § 130.65 [1]) and two counts of sexual abuse in the third degree
(§ 130.55). Contrary to defendant's contention, the conviction of sexual abuse in the first degree is supported by legally sufficient evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). Further, viewing the evidence in light of the elements of sexual abuse in the first degree in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that, even assuming, arguendo, that an acquittal on that count would not have been unreasonable, it cannot be said that County Court failed to give the evidence the weight it should be accorded (see generally Bleakley, 69 NY2d at 495). Defendant also contends that the verdict convicting him of sexual abuse in the first degree is repugnant because the court acquitted him of rape in the first degree (§ 130.35 [1]) and rape in the third degree (§ 130.25 [3]). We reject that contention inasmuch as defendant's acquittal of the rape charges did not necessarily negate an essential element of the sexual abuse in the first degree charge (see generally People v Muhammad, 17 NY3d 532, 539-540 [2011]; People v Cormack, 170 AD3d 1628, 1629 [4th Dept 2019], lv denied 34 NY3d 979 [2019]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court